# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0679V
(not to be published)

| | |
|---|---|
| ALICE B. FIELDS, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 12, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Kimberly Wilson White, Wilson Law, P.A., Raleigh, NC,* for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 4, 2020, Alice B. Fields a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza vaccine in her left shoulder on October 6, 2017, and alleges that she suffered a left shoulder injury related to vaccine administration consistent with the requirements of the Vaccine Injury Table. On February 1, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 35).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 8, 2022 (ECF No. 40), requesting a total award of $35,935.55 (representing $34,986.50 in fees and $949.05 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner she incurred no out-of-pocket expenses. (ECF No. 40-6). Respondent reacted to the motion on March 16, 2022, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests that I endorse rates for attorney Kimberly Wilson White at a rates of $430 and $450 per hour for time billed between 2018 – 2022.[3] (ECF No. 40-3). Some reductions to the requested rates are warranted.

Ms. White has been an attorney since 1995, placing her in the range of attorneys with 20 - 30 years' experience for her time billed, based on the OSM Attorney Fees Rate Schedule.[4] (ECF No. 40-1 at 2). The requested rates are all within the Vaccine Program's published range for attorneys at her level of overall experience, albeit on the highest end of the range. However, Ms. White does not have demonstrated Vaccine Act experience, with this matter being the first Program case in which her hourly rate is set. It is therefore improper for Ms. White to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

I instead find it reasonable to reduce the requested hourly rates to the following: $375 per hour for 2018; $390 per hour for 2019; $405 per hour for 2020; and $425 per hour for 2021. As a result, the amount of fees to be awarded in this case is reduced by **$1,781.50**.[5]

**ATTORNEY COSTS**

Petitioner requests $949.05 in overall costs. (ECF No. 40-4). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find one reduction is warranted. Specifically, Petitioner is requesting $349.86 in "monthly admin" costs consisting of monthly fax, phone, and legal research costs. (Id). These costs are more appropriately considered administrative overhead It is well established that attorneys cannot bill for administrative

---

[3] The rate of $430 and $450 was used inconsistently for Ms. White's throughout the billing records.

[4] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount consists of ($450 - $375 = $75 x 1.5 hrs = $112.50) + ($450 - $405 = $45 x 10.4 hrs = $468) + ($430 - $405 = $25 x 46.6 hrs = $1,165) + ($430 - $425 = $5 x 7.2 hrs = $36) = $1,781.50.

tasks, and this extends to costs incurred by an attorney. Additionally, these entries are so vague, that it cannot be deciphered if the work performed and its necessity to the case. Therefore, the requested costs will be reduced by **$349.86**.[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$33,804.19** (representing $33,205.00 in fees and $599.19 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] This amount consists of 29 monthly charges of $8.34 and 12 monthly charges of $9.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.